IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN A. GOTTFRIED | Case No. 6:26-cv-00071-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| BAY AREA RESOURCE CENTER, JENNIFER RAMSEY, and TRAVIS RAMSEY, | |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Justin Gottfried seeks leave to proceed *in forma pauperis* in this action against Defendants Bay Area Resource Center, Jennifer Ramsey, and Travis Ramsey.[1] Pl.'s IFP Appl., ECF No 2; Compl., ECF No. 1.

The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*, ECF No. 2. But because Plaintiff fails to state a claim upon which relief can be granted, his Complaint, ECF No. 1, is **DISMISSED** with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a citizen of Oregon. Compl. 2. Defendant Bay Area Resource Center ("BARC"), Plaintiff's former employer, has its principal place of business in Oregon. *Id.* 2–3. Defendants

---

[1] Plaintiff brings claims of unlawful wage withholding, retaliation, conversion, intentional interference with economic advantage, misappropriation of trade secrets, unjust enrichment, and intentional infliction of emotional distress under both federal and state law. Compl. 12–13.

1 – Opinion and Order

Jennifer Ramsey and Travis Ramsey, both domiciled in Oregon, acted as controlling officers of Defendant BARC. *Id.* 3.

Plaintiff states that he relocated to California in August of 2023 for employment with Defendant BARC, an entity that performs housing and victim services work. Compl. 3. Plaintiff describes his employment agreement as including wages, a housing stipend, daily per diem, and the use of a "live-work office apartment" in San Francisco. *Id.* 3–4. During his continuous employment between August 2023 and April 2024, Plaintiff purportedly developed various processes, programs, internal workflows, and operational content for BARC. *Id.* 4.

In April 2024, Plaintiff traveled from San Francisco to Oregon temporarily for "family-related reasons." Compl. 4. Plaintiff alleges that immediately following his travel to Oregon, Defendant Travis Ramsey stopped paying Plaintiff his regular wages and barred him from the "live-work office apartment" in San Francisco. *Id.* Plaintiff contends that he never received his final wages, nor did he receive notice of termination from BARC. *Id.* After he was terminated, Defendants allegedly continued to use Plaintiff's "proprietary business materials" in BARC's operations. *Id.* 5.

Plaintiff avers that Defendants Jennifer Ramsey and Travis Ramsey reported him to Oregon child welfare authorities for "false" and "retaliatory purposes." Compl. 4. Plaintiff's children then entered state custody. *Id.* Plaintiff further alleges that Defendants "caused" his personal vehicle "to be seized" without his consent or legal process. *Id.* Because of Defendants' alleged actions, Plaintiff has suffered "unpaid wages, loss of housing, loss of transportation, loss of business and intellectual property, relocation expenses exceeding $15,000, and severe emotional distress." *Id.* 5.

/ / / /

## **LEGAL STANDARD**

Courts have broad discretion whether to grant an *in forma pauperis* application. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that he is unable to pay court fees and costs. 28 U.S.C. § 1915(a)(1); *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369–70 (9th Cir. 1987). Courts must also screen an applicant's complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 29 U.S.C. § 1915(e)(2)(B).

When screening a complaint for failure to state a claim under 29 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss, the complaint must include a short, plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough factual content that allows the court to reasonably infer "that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court is not required to "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted).

Unless it is "absolutely clear" that leave to amend is futile, a self-represented litigant must receive notice of the complaint's deficiencies and be given an opportunity to cure before dismissal. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

/ / / /

## **DISCUSSION**

The Court is satisfied with Plaintiff's showing of indigency. The Court proceeds to screen Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.     **This Court's jurisdiction over Plaintiff's claims**

Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Compl. 2. District courts have original jurisdiction over civil actions in which the matter in controversy exceeds $75,000 *and* the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). For diversity purposes, a party is a "citizen" of the state in which they are domiciled. *E.g., Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Since all parties are domiciled in Oregon, there is not complete diversity between them and the Court lacks diversity jurisdiction over Plaintiff's claims. Compl. 2; *see also Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017) (noting that traditional diversity cases require complete diversity).

Nevertheless, this Court has jurisdiction over Plaintiff's federal law claims that survive screening. Compl. 5–6, 9. Accordingly, the Court would have supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a). Accordingly, if Plaintiff's federal law claims fail at this stage, the Court lacks jurisdiction to hear his state law claims. 28 U.S.C. § 1367(c)(3).

### II.    **Counts I and II: Fair Labor Standards Act claims**

Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 215, based on Defendants' alleged unlawful withholding of wages, purported retaliation against Plaintiff, and Plaintiff's constructive discharge. Compl. 5–6. Even liberally construing the Complaint, Plaintiff fails to allege facts that relate to 29 U.S.C. §§ 206, 215. But Plaintiff's allegations appear minimally sufficient to survive screening for claims under ORS § 652.140.

Counts I and II as they relate to the FLSA are subject to dismissal with leave to amend.

### III. Count V: Defend Trade Secrets Act claims

Plaintiff asserts a claim of misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836. Compl. 9. To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove that: (1) he possessed a trade secret; (2) the defendant misappropriated that trade secret; and (3) the misappropriation caused or threatened damage to the plaintiff. *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). Plaintiffs bear the burden of showing that a trade secret exists. *Id.* at 658. A plaintiff should describe the trade secret "'with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'" *Id.* (quoting *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164 (9th Cir. 1998)).

Because Plaintiff fails to allege facts sufficient to show the existence of a trade secret, Count V is subject to dismissal with leave to amend.

### IV. Counts III, IV, VI, and VII: State law claims

The Court construes the remainder of Plaintiff's claims as arising under Oregon law. Plaintiff asserts claims of conversion (Count III), intentional interference with economic advantage (Count IV), unjust enrichment (Count VI), and intentional infliction of emotional distress (Count VII). Compl. 7–10. Because the Court lacks jurisdiction over Plaintiff's federal law claims, as it stands, his state law claims cannot survive. But assuming *arguendo* that there is supplemental jurisdiction to hear Plaintiff's state law claims, the Court screens them according to 28 U.S.C. § 1915(e)(2)(B)(ii).

Oregon law defines conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly

be required to pay the other the full value of the chattel." *In re conduct of Martin*, 970 P.2d 638, 642 (Or. 1998) (citation omitted). Plaintiff contends that "Defendants wrongfully exercised control over" his personal vehicle and his interest in the work apartment. Compl. 7. Without more, this bare conclusion cannot establish a conversion claim. Count III is subject to dismissal with leave to amend.

To state a claim for intentional interference with economic relations, a plaintiff must allege: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) causation between the interference and damage to the economic relationship; and (6) damages. *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995) (en banc). Plaintiff does not offer any facts to establish the third-party element of intentional interference with economic relations. Count IV is subject to dismissal with leave to amend.

For a plaintiff to prevail on an unjust enrichment claim, he must allege that: (1) property rightfully belonging to him was taken by someone else under wrongful or inequitable circumstances; (2) the person who now possesses the property is not a bona fide purchaser for value and without notice; and (3) the property in that person's hands is the very property that rightfully belongs to the plaintiff. *Tupper v. Roan*, 243 P.3d 50, 58 (Or. 2010) (en banc). Plaintiff avers that Defendants retained the "benefits" of his employment, but offers no factual allegations to plausibly suggest a claim for unjust enrichment. Compl. 9. Count VI is subject to dismissal with leave to amend.

Finally, a plaintiff stating claims of intentional infliction of emotional distress must plead that: (1) the defendant intended to inflict such distress on him; (2) the defendant's conduct caused the plaintiff's severe emotional distress; and (3) the defendant's acts "constituted an extraordinary

transgression of the bounds of socially tolerable conduct." *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (citation omitted). Plaintiff asserts that Defendants' conduct was "done with knowledge that it would likely cause severe emotional distress to Plaintiff." Compl. 10. This amounts to a legal conclusion styled as a factual allegation, which falls short of federal pleading standards. Count VII is subject to dismissal with leave to amend.

## CONCLUSION

Plaintiff's petition to proceed *in forma pauperis*, ECF No. 2, is **GRANTED**. Upon screening his Complaint, ECF No. 1, it appears subject to dismissal. Because Plaintiff is self-represented and this Court has not previously dismissed pleadings in this case, Plaintiff has leave to amend his Complaint. Plaintiff shall have thirty (30) days from the date of this Order to file an amended pleading to cure the deficiencies identified here.

IT IS SO ORDERED.

DATED this 26th day of January 2026.

                                                         /s/Michael McShane  
                                                         Michael McShane  
                                                    United States District Judge